UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| MISTY YOUNG,<br><br>              Plaintiff,<br><br>vs.<br><br>HARBAUGH LAS VEGAS CORPORATION,<br><br>              Defendant. | 2:12-cv-01404-RCJ -VCF<br><br>**REPORT & RECOMMENDATION**<br><br>**(Stipulation and Order For Plaintiff's Leave To Amend Complaint #9)** |

## REPORT & RECOMMENDATION

Before the court is the parties' Stipulation and Order for Plaintiff's Leave to Amend Complaint[1]. (#9). As discussed below, the proposed amended complaint (#9 Exhibit 1) does not meet federal pleading requirements, and the undersigned U.S. Magistrate Judge recommends denying the request to amend the complaint *without prejudice.*

## RELEVANT FACTS

On July 2, 2012, plaintiff Misty Young filed a complaint ("the Complaint") in District Court, Clark County, Nevada commencing Case No: A-12-664556-C. (#1-1). Plaintiff asserts in the Complaint that "this is an action for damages in excess of Ten Thousand Dollars ($10,000)" and that she was "present in Clark County, State of Nevada." *Id.* Paragraph 3 of the Complaint alleges as a basis for jurisdiction that "[a]t all times material, [d]efendant premises [sic] was doing business in Las Vegas, and is subject to jurisdiction in Clark County, Nevada." *Id.* The Complaint lacks allegations which, if true, would establish jurisdiction in this court. 28 U.S.C. §§ 1330 *et seq.*

---

[1] The stipulation was filed on the docket as an "Unopposed Motion For Leave To File Amended Complaint."

On August 8, 2012, defendant Harbaugh Las Vegas Corporation ("Harbaugh") commenced proceedings in this court by filing a petition for removal. (#1). In the petition, defendant alleges that removal is proper because "[t]his [c]ourt has original jurisdiction over the subject matter of this action under the provisions of 28 U.S.C. § 1332 in that there is complete diversity between the parties and more than $75,000 in controversy, exclusive of interest and costs." *Id.* Defendant alleges that it is a Nevada Corporation and that plaintiff Young is a citizen of Washington State. *Id.* Defendant filed its answer on August 15, 2012. (#5).

As defendant Harbaugh is a citizen of Nevada, plaintiff Young could have timely moved for remand based on 28 U.S.C. § 1441(b)(2)[2]. Now that thirty (30) days have passed since the filing of the petition for removal (#1), plaintiff has waived the right to seek remand based on this defect. *See* 28 U.S.C. § 1447(c) (stating that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."); *See also Lively v. Wild Oats Markets, Inc.*, 256 F.3d 933, 942 (9th Cir. 2006) (holding that "the forum defendant rule embodied in § 1441(b) is a procedural requirement, and thus a violation of this rule constitutes a waivable non-jurisdictional defect subject to the 30-day time limit imposed by § 1447(c)"). This thirty (30) day limitation does not apply to remand of an action based on lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) (stating that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## DISCUSSION

Plaintiff's proposed amended complaint does not support a finding that this court has jurisdiction over the subject matter as alleged.  (#9 Exhibit 1). Citizenship of the parties is not alleged[3]. *Id.* The jurisdictionally

---

[2] Under 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

[3] Defendant asserts in the petition for removal (#1) that "[u]pon information and belief, [plaintiff] was and is a resident of Tacoma, Washington" and that defendant is a Nevada Corporation, but plaintiff's proposed amended complaint (#9 Exhibit 1) states only that plaintiff "was present in Clark County, Nevada" and that defendant was "doing business in Las Vegas."  The court cannot consider any other pleading when ruling on a motion to amend complaint, and must consider only the four corners of the complaint. *See* Local Rule 15-1(a)(stating that "the moving party shall attach the proposed amended pleading

required amount in controversy under 28 U.S.C. § 1332 is not alleged, as the proposed amended complaint seeks damages only "in an excess of Ten Thousand Dollars ($10,000)." *Id.* Especially in light of the attempt to add a new party defendant, a possibility exists that this court does not have jurisdiction over the subject matter of this action and any amended complaint must contain jurisdictional support. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (holding that "28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.") (citing *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir.1998)); *See also* Federal Rule of Civil Procedure 8(a) (stating that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."); *See also* LR 8-1 (stating that "[t]he first allegation of any complaint, counterclaim, cross-claim, third-party complaint or petition for affirmative relief shall state the statutory or other basis of claimed federal jurisdiction and the facts in support thereof.").

## RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that the Unopposed Motion For Leave To File Amended Complaint (#9) be DENIED w*ithout prejudice* for plaintiff to seek leave to file a revised proposed amended complaint which complies with Federal Rule of Civil Procedure 8(a), Local Rule 8-1, and Form 7(a).

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file

---

to any motion to amend, so that it will be complete in itself without reference to the superseding pleading.").

objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 10th day of September, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE