# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| MISTY YOUNG,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>HARBAUGH LAS VEGAS CORP., *et al.*,<br><br>　　　　　　　Defendants.<br>―――――――――――――――――――<br>G4 SOLUTIONS (USA) INC.,<br>　　　　　　　Third Party Plaintiff,<br>vs.<br><br>NATHAN WELCH, an individual,<br>　　　　　　　Third Party Defendant.<br>―――――――――――――――――――<br>NATHAN WELCH, an individual,<br>　　　　　　　Third Party Plaintiff/<br>　　　　　　　Third Party Defendant,<br>vs.<br><br>MISTY YOUNG, individually,<br>　　　　　　　Third Party Defendant/<br>　　　　　　　Third Party Plaintiff. | 2:12-cv-01404-RCJ-VCF<br><br>**ORDER**<br><br><br>**(Motion For Leave to File CrossClaim Against G4S and Third Party Complaint Against Welch #33)** |

　　　Before the court is defendant Harbaugh Las Vegas Corporation's ("Harbaugh") Motion For Leave to File Cross-Claim against G4 Secure Solutions ("G4S") and Third Party Complaint against Nathan Welch ("Welch"). (#33). Defendant/Third-Party Plaintiff G4S filed an Opposition. (#36). Defendant Harbaugh filed a Reply to G4S's Opposition. (#37).

/ / / /

### A.     Background

This action arises out of an incident that allegedly occurred on June 3, 2011, between plaintiff Misty Young ("Young") and third-party defendant Welch. (#36). At the time of the alleged incident, Young and Welch were both apprentice carpenters, staying at the union's dormitory while they attended a training program. (#33). The union contracted with defendant Harbaugh to run the dormitory. *Id.* Harbaugh contracted with G4S to provide security and manpower to operate the dormitory during the graveyard shift. *Id.* Plaintiff Young alleges that defendant Harbaugh's employee provided Welch with access to Young's room. (#15). The plaintiff further alleges that she was sexually assaulted by Welch, resulting in severe bodily injury. *Id.*

Plaintiff Young filed an amended complaint on September 11, 2012, alleging causes of action against defendants Harbaugh and G4S for (1) Negligence, premises liability; (2) Negligence, hiring and supervision; and (3) Conscious Disregard, exemplary and punitive damages. (#15). On October 23, 2012, G4S filed an answer to the amended complaint (#15) and a third-party complaint against Welch. (#21). On November 29, 2012, Harbaugh filed an answer to the amended complaint. (#26). On February 15, 2013, Harbaugh filed the instant Motion For Leave to File Crossclaim against G4S and Third-Party Complaint against Welch. (#33). G4S filed an Opposition. (#36). Harbaugh filed a Reply to G4S's Opposition. (#37). Welch did not file an opposition to the motion for leave to file a third-party complaint (#33).

### B.     Motion for Leave to File Crossclaim and Third Party Complaint[1]

Harbaugh seeks leave of this court to file crossclaims against G4S and a third-party complaint against Welch. (#33). Defendant Harbaugh asserts that on "February 5, 2013, Harbaugh tendered its

---

[1] Although Harbaugh titled its motion "Motion for Leave to File Cross-Claim and Third Party Complaint", the court construes this as a "Motion for Leave to Amend Answer."

2

defense to G4S who has declined to accept it." *Id.*  As a result of the decline, "Harbaugh now believes it has mature claims against G4S that should be raised by Cross-Claim" and also against Welch by Third-Party Complaint.  *Id.*   Harbaugh attached a document to its motion, which includes the third-party complaint and crossclaims in the same document, without amending its answer to include the claims.  (#33-1).   The court will discuss the proposed third-party complaint and the proposed crossclaims below.

### 1. Proposed Third-Party Complaint

Defendant Harbaugh asks this court for leave to file a third-party complaint against third-party defendant Welch.  (#33). Harbaugh's proposed third-party complaint alleges the following claims for relief against Welch: (1) Contribution; (2) Equitable Indemnity; (3) Contractual Indemnity; (4) Equitable Apportionment; (5) Breach of Contract; and (6) Negligent Breach of Tort Duty of Good Faith.  (#33-1).   Defendant Welch did not file an opposition to the motion for leave (#33).   G4S filed an opposition as to Harbaugh's proposed crossclaim, but does not oppose Harbaugh's request to file a third-party complaint against Welch.  (#36).  (G4S's arguments are addressed below in Section 2.)

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer."  Federal Rule of Civil Procedure 14.  The court finds that granting Harbaugh leave to file a third-party complaint is warranted.  *See Id.*; *See also* Local Rule 7-2(d)(the "failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion. The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.").   The proposed third-party complaint (#33-1), however, does not comply with the federal and local rules of this court.  Harbaugh's motion is denied *without prejudice*.  Harbaugh may either (1) refile its motion and attach an amended answer to include

the third-party complaint in compliance with Fed. R. Civ. P. 15 and L.R. 15-1 or (2) refile its motion and attach a separate proposed third-party complaint in compliance with Fed. R. Civ. P. 14.

### 2.    Proposed Crossclaim

Defendant Harbaugh seeks leave of this court to file crossclaims against G4S for: (1) Contribution; (2) Equitable Indemnity; (3) Contractual Indemnity; (4) Equitable Apportionment; (5) Breach of Contract; and (6) Negligent Breach of Tort Duty of Good Faith. (#33-1). Harbaugh asserts that G4S breached its "contractual obligation by refusing to accept a tender of defense." (#33).

Under Fed. R. Civ. P. 13(g), "[a] pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15 (a)(2).

There are five factors that courts use frequently to assess the "propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether [the moving party] has previously amended [its pleading]." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir.1989)).

Harbaugh has not previously amended its answer (#26), and G4S does not argue bad faith or prejudice. (#36). G4S states that the court should focus on the undue delay factor, but does not include any argument to support this factor. *Id.* The only factor that G4S provides argument for in its

opposition is that an amendment of the answer would be futile because the crossclaim is based on a contract between Harbaugh and G4S that does not provide for indemnity. *Id.* G4S argues that the futility analysis "includes consideration of whether the proposed amendment would survive a Rule 12(b)(6) 'legal sufficiency' challenge." *Id.* G4S then asks the court to consider a contract that G4S attached as Exhibit A. *Id.* In determining a motion to dismiss under Rule 12(b)(6), however, the court looks at the four corners of the complaint, and does not consider other documents. *See Haskell v. Time, Inc.*, 857 F.Supp. 1392, 1396 (E.D. Cal. 1994); *See also Americopters, LLC v. F.A.A.*, 441 F.3d 726, 732 (9th Cir. 2006). The five factors enumerated by the Ninth Circuit weigh in favor of permitting amendment. *Allen*, 911 F.2d at 373.

The court finds it in the interest of justice to grant defendant Harbaugh leave to amend its answer to include the crossclaim. Fed. R. Civ. P. 15. Harbaugh did not provide the court with a proposed amended answer to include the crossclaim as required by Fed. R. Civ. P. 15 or L.R. 15-1. The motion for leave to file the proposed crossclaim (#33) is denied *without prejudice*, with leave to re-file the motion with an attached amended answer including the crossclaim.

Accordingly and for good cause shown,

IT IS ORDERED that defendant Harbaugh's Motion For Leave to file Cross-Claim and a Third Party Complaint (#33) is DENIED *without prejudice*.

. . .

. . .

. . .

. . .

. . .

IT IS FURTHER ORDERED that, on or before April 19, 2013, Harbaugh may (1) re-file the motion for leave to amend its answer with an attached proposed amended answer including the crossclaims and third party complaint or (2) re-file the motion for leave to amend its answer with an attached proposed amended answer including only the crossclaims and a separate proposed third-party complaint.

DATED this 5th day of April, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE